**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCO POLO ARCE GARCIA, | No. 12-71268 |
| Petitioner, | Agency No. A077-312-447 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 23, 2014[**]

Before:     W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Marco Polo Arce Garcia, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and protection under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and de novo questions of law. *Tapia Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013). We deny in part and grant in part the petition for review, and we remand.

The record does not compel the conclusion that Garcia established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. §§1208.4(a)(4), (5); *see also Ramadan v. Gonzales*, 479 F.3d 646, 657-58 (9th Cir. 2007) (per curiam). Thus, his asylum claim fails.

In denying Garcia's withholding of removal claim, the agency found Garcia failed to establish past persecution or a fear of future persecution on account of a protected ground. When the IJ and BIA issued their decisions in this case, they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Garcia's withholding of removal claim to determine the impact, if any, of these decisions. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Further, the BIA erred in finding that the record did not show that the police or government of Mexico was involved in the murder of two of Garcia's family members, when Garcia submitted a written statement to the IJ indicating that police and corrections officials were involved. Because the BIA's findings on this issue affected its analysis of Garcia's withholding of removal and CAT claims, we remand Garcia's withholding of removal and CAT claims for further proceedings consistent with this disposition. *See Ventura*, 537 U.S. at 16-18.

In light of our remand, we do not reach any other contentions at this time.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; and REMANDED.**